UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     Cause No. 1:20-CR-49-HAB |
| | ) |
| JOHN E. CLARK | ) |

## OPINION AND ORDER

Defendant, John Clark ("Clark"), was indicted in a five count indictment with: two counts of distributing crack cocaine (Counts 1 and 2), in violation of 21 U.S.C. §841(a)(1); one count of maintaining a drug premises (Count 3), in violation of 21 U.S.C. §856(a)(1); and two gun counts– one for a violation of 18 U.S.C. §924(c) (Count 4) and one for a violation of 18 U.S.C. §922(g)(1) (Count 5). (Indictment, ECF No. 18). Clark has moved separately to dismiss Counts 4 and 5. (ECF Nos. 51 and 52). Clark seeks dismissal of Count 4 arguing that "the indictment and the discovery provided do not establish probable cause that he possessed the firearms in question in 'furtherance' of the alleged drug trafficking. (ECF No. 51 at 1). As for Count 5, Clark asserts that the Supreme Court's opinion in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022) casts doubt on the Constitutionality of the federal felon in possession prohibition in the United States Code. (ECF No. 52). The Government has responded to both motions (ECF Nos. 58 and 59) and the time for Defendant's replies has expired. These matters are now ripe for ruling.

## I.    Factual Allegations

As set out in the Criminal Complaint (ECF No. 1), in November 2019, Defendant participated in two controlled buys from a confidential source. In July 2020, law enforcement conducted a trash pull at Clark's residence and found two sandwich baggies that field test positive for cocaine. From that search and the two prior controlled buys, police obtained a search warrant

for Clark's home. During the search, police recovered firearms, large amounts of cash (over $273,000), and items that tested positive for drug residue. Based on these events, the grand jury returned the five-count Indictment against Clark.

## II.   Legal Discussion

### a.   *Motion to Dismiss Count 4*

Clark moves to dismiss Count 4 under Fed. R. Crim. P. 12(b) asserting there is insufficient evidence to support Count 4 of the indictment. Under a defendant's right to be informed of the charges against him and his right to be free from conviction without notice and without having meaningful opportunity to defend, Federal Rule of Criminal Procedure 7(c)(1) provides that an "indictment or information must [include] a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is legally sufficient if it (1) states all the elements of the crime charged, (2) adequately informs the defendant of the nature of the charges against him, and (3) allows the defendant to assert the judgment as a bar to future prosecutions of the same offense. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). The Seventh Circuit has explained that an indictment "that 'tracks' the words of a statute to state the elements of the crime is generally acceptable, and while there must be enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive." *United States v. White*, 610 F.3d 956, 958–59 (7th Cir. 2010); *see also United States v. Resendiz–Ponce*, 549 U.S. 102, 109 (2007) (explaining that an indictment "parroting the language of a federal criminal statute" is sufficient so long as the crime is not one that must be charged with greater specificity).

To successfully challenge the sufficiency of an indictment, Defendant must show that the indictment did not satisfy one or more of the required elements and that he suffered prejudice from

the alleged deficiency. *United States v. Dooley*, 578 F.3d 582, 589–90 (7th Cir. 2009). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003) (internal quotation marks omitted).

Although cast as a motion to dismiss, Defendant's motion is really a challenge to the sufficiency of the Government's evidence. Defendant argues that, under *United States v. Thomas*, 970 F.3d 809 (7th Cir. 2020), mere possession of a firearm is not enough to support a §924(c) charge in an indictment. He asserts that the indictment fails to provide a nexus between the drug trafficking crime and the firearms found in his home. But this is a generous reading of *Thomas*. What *Thomas* holds is that mere possession of a firearm cannot support a *conviction* under §924(c); at *trial* "to obtain a § 924(c)(1)(A)(i) conviction based on possession, the government had to 'present a viable theory as to how the gun furthered the drug possession or distribution (e.g., being available to protect the drugs or drug dealer)' and 'present specific, non-theoretical evidence to tie that gun and the drug crime together under that theory.'" *Thomas,* 970 F.3d at 816 (quoting *United States v. Castillo*, 406 F.3d 806, 815 (7th Cir. 2005).

But an indictment need only comply with Rule 7(c)(1). And the indictment here alleges all the elements of a §924(c) charge – that the Defendant possessed a firearm and he did so in furtherance of a drug trafficking crime, that being maintaining a drug-involved premises. "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (quoting *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)). "A motion to dismiss is not intended to be a summary trial of the evidence. Such a motion is directed only to the validity of the indictment or the information, and it tests only whether an offense has been

sufficiently charged." *United States v. Yasak,* 884 F.2d 996, 1001 (7th Cir. 1989) (internal citation and quote marks omitted); *United States v. Antonucci,* 663 F. Supp. 245, 246 (N.D. Ill. 1987) ("Fed. R. Civ. P. 12(b) was not intended to convert motions to dismiss into a criminal case analogy of the civil practice motion for summary judgment."). If Defendant wants to test the legal sufficiency of the Government's evidence, the way to do so is through a trial. The Motion to Dismiss Count 4 is DENIED.

### b. Motion to Dismiss Count 5

Moving now to the Defendant's motion to dismiss Count 5 on *Bruen* grounds. This motion, too, will be denied. Title 18 U.S.C. §922(g)(1) criminalizes the possession of a firearm by a felon. Clark asserts that this statute violates his Second Amendment right to bear arms as explained by the Supreme Court in its recent decision in *Bruen*.

In *Bruen*, the Supreme Court rejected the means-end standard long used by courts of appeal to evaluate firearm restrictions under the Second Amendment. The Court held that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Bruen,* 142 S. Ct. at 2129-30. When the Second Amendment's plain text protects certain conduct, the burden shifts to the government to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126. If the government cannot demonstrate the existence of a historical tradition that would support applying the regulation to the conduct at issue, a court must conclude that the conduct is protected because it falls within the Second Amendment's "unqualified command." *Id.*

The starting point then, is the text of the Second Amendment which provides: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. A trilogy of Supreme Court cases have

defined the scope of this right, beginning with *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) and *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010) and ending just last year with the *Bruen* decision.

It is tempting, as many courts have undertaken the task, to wax poetic about the history and meaning of the Second Amendment and to retrace the underpinnings of gun rights in this country. So too, this Court could fill pages discussing the trio of Supreme Court cases in great detail. But the answer to the question posed by the Defendant here– whether a felon is in the class of persons protected by the Second Amendment – is found in all three Supreme Court precedents and in the opening sentence and concluding paragraph of *Bruen*.[1]

In *Heller*, the Court repudiated the notion that anything in their opinion "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons ...." 554 U.S. at 626. Two years later in *McDonald*, the majority opinion emphasized *Heller's* holding:

> We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as "prohibitions on the possession of firearms by felons and the mentally ill," "laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.*, at 626 – 627, 128 S.Ct., at 2816–2817. We repeat those assurances here.

*McDonald*, 561 U.S. at 786.

Now, the Supreme Court has said it a third time in *Bruen*. In the opening sentence, the majority opinion reaffirms the Second and Fourteenth Amendment right of an "ordinary, *law-abiding* citizen to possess a handgun in the home for self-protection" recognized in *Heller* and *McDonald*. 142 S. Ct. at 2122 (emphasis added). The concept that constitutionally

---

[1] The answer can also be found in the Seventh Circuit's decision in *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019). In *Kanter,* the Seventh Circuit found §922(g)(1) constitutional, holding that the prohibition on the possession of firearms by felons—even those convicted of nonviolent felonies—to be presumptively lawful. *Kanter*, 919 F.3d at 448.

protected gun rights apply to "law-abiding citizens" is repeated in the second sentence of *Bruen* as well as over a dozen additional times throughout the majority opinion. *See id.* at 2125–2156. It is also echoed in the concluding paragraph, "New York's proper-cause requirement violates the [Constitution] in that it prevents *law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms." *Id.* at 2156 (emphasis added).

This same "law-abiding citizen" language is mirrored in the concurring opinions of the Justices, *see id.* at 2159 (Alito, J., concurring) ("[a]ll we decide in this case is that the Second Amendment protects the right of law-abiding people to carry a gun outside the home ... "); *id.* at 2162 (Kavanaugh, J., concurring) (""[n]othing in [*Bruen*] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons ....'").

Given the great care that the *Bruen* Court used to underscore that the Second Amendment protects the rights of "law-abiding" citizens to keep and bear arms, the Court sees no avenue for the Defendant here to argue that §922(g)(1), prohibiting his possession of a firearm as a felon (a non-law-abiding citizen), violates the Second Amendment even under *Bruen's* new guidance. The Supreme Court made clear that it was reaffirming its prior holdings in *Heller* and *McDonald* which recognize that felons are excluded from the protection of the Second Amendment.[2] Thus, this court finds that the Second Amendment does not protect the right of felons to possess firearms.

This Court has reviewed the case law both before and after the *Bruen* decision and finds that *Bruen's* holding does not render the prohibition of felons from possessing firearms in § 922(g)(1) unconstitutional. Indeed, the Supreme Court has thrice said the right to bear arms contained in the Second Amendment belongs only to "law-abiding" citizens. This decision reflects

---

[2] Given the Court's conclusion that the Supreme Court recognized in *Bruen* and its progeny that felons are excluded from Second Amendment protection, the Court does not feel compelled to detail whether felon-in-possession statutes have sufficient grounding in historical tradition to withstand a *Bruen* challenge.

6

the growing body of case law from other courts finding §922(g)(1) constitutional using similar reasoning. *See e.g.*, *United States v. Price*, 2023 WL 1970251 (N.D. Ill. February 13, 2023); *United States v. Garrett,* 2023 WL 157961 (N.D. Ill. January 11, 2023).[3] Thus, Clark's Motion to Dismiss Count 5 is DENIED.

## CONCLUSION

For the above reasons, the Court DENIES Clark's Motion to Dismiss Count 4 (ECF No. 51) and his Motion to Dismiss Count 5. (ECF No. 52). Trial dates will be set by separate entry.

SO ORDERED on March 2, 2023.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[3] These courts have also upheld the constitutionality of §922(g)(1). *See, e.g., United States v. Jackson*, 2022 WL 4226229, at *2 (D. Minn. Sept. 13, 2022) (upholding Section 922(g)(1) for similar reasons as those stated here and remarking that "[w]hile Jackson would like this Court to scrutinize the history of felon-in-possession statutes, such examination is unnecessary at this time."); *United States v. King*, 2022 WL 5240928 (S.D.N.Y. Oct. 6, 2022); *United States v. Charles*, 2022 WL 4913900 (W.D. Tex. Oct. 3, 2022); *United States v. Siddoway*, 2022 WL 4482739 (D. Idaho Sept. 27, 2022); *United States v. Collette*, 2022 WL 4476790 (W.D. Tex. Sept. 25, 2022); *United States v. Coombes*, , 2022 WL 4367056 (N.D. Okla. Sept. 21, 2022); *United States v. Hill*, , 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022); *United States v. Cockerham*,  2022 WL 4229314 (S.D. Miss. Sept. 13, 2022); *United States v. Burrell*, 2022 WL 4096865 (E.D. Mich. Sept. 7, 2022); *United States v. Ingram*, No. CR 0:18-557-MGL-3, 2022 WL 3691350 (D.S.C. Aug. 25, 2022).